BEENE *v.* GIBRALTAR INDUSTRIAL LIFE INSURANCE
COMPANY ET AL.

[No. 17,383.   Filed November 5, 1945.   Rehearing Denied
December 10, 1945.]

*John Browder* and *Howard R. Hooper*, of Indian-apolis, for appellant.

*Henry R. Wilson, Jr.,* of Indianapolis, for appellees.

FLANAGAN, J.—This is an action by appellant against appellee, The Gibraltar Industrial Life Insurance Company, on an insurance policy which insured the life of one Hattie Jones, deceased. Appellee, Hazel Utterback as administratrix of the estate of Hattie Jones, filed by way of interpleader her claim to the proceeds of the policy. The insurance company paid the amount of the policy into court for the benefit of whomsoever the court found entitled to it. Hereafter when appellee is referred to the reference will be to appellee Hazel Utterback, administratrix of the estate of Hattie Jones.

Judgment was for appellee. The sole error assigned upon appeal is the overruling of appellant's motion 'for a new trial which challenges the sufficiency of the evidence and the legality of the decision.

The evidence, which is largely stipulated and entirely undisputed, may be summarized as follows:

On December 24, 1942, one Curtiss James Jones shot and killed his wife, Hattie Jones. At that time there

was in force upon her life the involved policy of insurance in which he was the named beneficiary. Thereafter he was indicted for murder and convicted of manslaughter. Appellant, an attorney, was employed to defend Jones in the murder trial and received in part payment of his fee an assignment of Jones' interest in the involved policy.

The question is whether Jones forfeited his rights in the policy by killing the insured. If he did not, his assignee, the appellant, is entitled to recover. If he did, appellee is entitled to recover for the insured's estate. Based solidly on the requirements of public policy and fortified by the maxim that a person should not be permitted to profit from his own wrong, the rule of law is firmly established that a beneficiary in a life insurance policy who intentionally and wrongfully causes the death of the insured forfeits all rights which he may have in or under the policy of insurance. See 29 Am. Jur., p. 979, § 1310 et seq. and authorities cited. The phrase "unlawful and felonious" is frequently used in declaring the rule, but a careful analysis of the cases discloses that the correct rule is the one above stated.

In the instant case there is a total absence of evidence that the killing was intentional. It is true that the parties stipulated that appellant's assignor was convicted of manslaughter. But a judgment of conviction in a criminal prosecution cannot be given in evidence in a civil action to establish the truth of the facts on which it was rendered. *Siebold* v. *Welch* (1922), 78 Ind. App. 238, 135 N. E. 258; *Montgomery* v. *Crum* (1928), 199 Ind. 660, 161 N. E. 251. And the mere fact that appellant in the stipulation admitted the judgment of conviction against his assignor would not enlarge its probative value.

Even if the judgment of conviction for manslaughter was some evidence of the facts upon which it was rendered, it would be insufficient here because ■ it might be based on an unintentional killing. § 10-3405, Burns' 1933.

Appellee, having alleged the intentional and wrongful killing to defeat the claim of appellant and establish her own, had the burden of proving it. ■ The proof having failed, the judgment must be reversed.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 63 N. E. (2d) 299.