STACKER *v.* MACK, ADMINISTRATRIX, ETC., ET AL.

[No. 18,666.   Filed December 5, 1955.]

*Benj. F. Wilson,* of Gary, and *E. Miles Norton,* of Crown Point, for appellant.

*Louis C. Holland,* of Gary, for appellee, May Bell Mack, Administratrix and *Howard H. Hill,* of Gary, for cross-appellants, Victor B. Hower et al. etc.

ROYSE, C. J.—Appellee, May Bell Mack, Administratrix of the estate of Melvin Mack, deceased, brought this action against appellant to recover the proceeds of a life insurance policy on the life of decedent, in which policy appellant was designated as beneficiary, but which rights she averred were forfeited for the reason that the death of said decedent was caused by the unlawful, willful, premeditated, malicious, intentional and wrongful acts of appellant. (Hereinafter May Bell Mack, Administratrix, etc., will be referred to as appellee.)

The original defendants were appellant and the Equitable Life Assurance Society of the United States. The complaint averred appellant had forfeited her rights as beneficiary under the policy for the reasons stated above. It further alleged appellee individually was the widow and sole heir of said decedent.

The Assurance Company filed an interpleader making the appellees Hower and May Bell Mack individually defendants. The court granted said petition and made those parties defendants in this action and ordered the proceeds of the policy ($4,000.00) paid to the clerk of the court and when so paid dismissed the Assurance Company as a party defendant to this action.

Appellant filed her answer of admission and denial under the rules, and a cross-complaint claiming the proceeds of the policy as beneficiary. The appellees Hower appeared and attempted to file their answer and cross-complaint, but on motion of appellee the court refused to permit them to file said pleading, and they and appellee May Bell Mack individually were dismissed as parties defendant to this action. Trial to a jury resulted in a verdict and judgment in favor of appellee for $4,000.00.

The errors assigned here and not waived are as follows:

"1. The Court erred in overruling Appellant's motion for New trial.

"2. The Court erred in sustaining the motion of plaintiff (Appellee May Bell Mack) to dismiss 'from this action' defendant May Bell Mack, individually, Victor B. Hower, Nannie W. Hower and Bruce A. Hower, d/b/a Hower Funeral Home and in sustaining the motion to dismiss cross defendants, May Bell Mack, individually, Victor B. Hower, Nannie W. Hower and Bruce A. Hower d/b/a Hower Funeral Home."

The cross-errors assigned by said cross-appellants are as follows:

"1. The Court erred in sustaining the motion of the cross-appellee May Bell Mack, Administratrix of the estate of Melvin Mack, deceased (Plaintiff below) to dismiss cross-appellants Victor B. Hower, Nannie W. Hower and Bruce A. Hower (cross-defendants below).

"2. The Court erred in refusing the tender of answer and cross-complaint of Victor B. Hower, Nannie W. Hower and Bruce A. Hower, cross-appellants herein.

"3. The Court erred in dismissing cross-appellants Victor B. Hower, Nannie W. Hower and Bruce A. Hower.

"4. The Court erred in dismissing cross-appellee May Bell Mack, individually."

Appellee filed her motion to dismiss the appeal of the cross-appellants Hower for the reasons that the errors assigned are not from the overruling of a motion for a new trial and that the pleadings and rulings are not in the record by a Bill of Exceptions.

While, under Rule 2-6 of the Supreme Court the errors assigned may be made in a motion for a new trial, by the specific provision of said rule such errors may be assigned independently. A Bill of Exceptions is not necessary to present questions on rulings on pleadings filed or offered to be filed. Sec. 2-3104, Burns' 1946 Repl. Therefore appellee's motion to dismiss is overruled.

The life insurance policy which is the subject of this action, provides, in part, as follows:

"Any part of the life insurance for which there is no beneficiary designated by the Employee or surviving at the death of the Employee will be payable in a single sum to the first surviving class of the following classes of successive preference beneficiaries: The Employee's (a) widow or widower; (b) surviving children; (c) surviving parents; (d) surviving brothers and sisters; (e) executors and administrators."

The verified bill of interpleader filed by the Assurance Company alleged, in part:

"That under the terms and conditions of said policy and individual certificate one May Bell Mack as the widow of said assured may have some right, title and interest in and to the proceeds thereof under the successive preference beneficiary clause contained therein; Victor B. Hower, Nannie W. Hower and Bruce A. Hower d/b/a Hower's Funeral Home are likewise claiming some right. title

and interest in and to the proceeds thereof by separate written assignment to a portion thereof executed by Hattie Stacker and May Bell Mack under date of December 19, 1952," etc.

The record herein discloses the cross-appellants were made additional parties defendant by order of the trial court. They were made cross-defendants by appellant in her cross-complaint. Appellee filed her answer to the cross-complaint as Administratrix and individually, and raised no question as to parties. No demurrer was filed. Cross-appellants appeared generally and waived the issuance of summons. The cross-appellants tendered their answer and cross-complaint for filing. This cross-complaint set up the assignment from appellee heretofore referred to in the interpleader of the Assurance Company, and asked for judgment for $1106.00. The trial court sustained the motion of appellee to dismiss said cross-appellants and May Bell Mack individually from this action and refused to permit said cross-appellants to file their answer and cross-complaint.

Appellant and cross-appellants contend that action of the trial court was error.

Sec. 2-219, Burns' 1946 Repl., provides as follows:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved."

It seems to us the cross-appellants and appellee May Bell Mack individually are clearly within the provisions of this statute. Flanagan, Indiana Pleading and Procedure, p. 91, §46. Under the allegations of the interpleader, which originally brought them into this action, it is shown that by assignments of appellant and appel-

lee Mack individually cross-appellants had a direct interest in the proceeds of the insurance policy which is the subject of this action. Likewise, under the provisions of the policy, if the allegations of the complaint were proved by substantial evidence of probative value appellee Mack individually, as the widow of decedent, would be entitled to the proceeds subject to any right she may have assigned to the cross-appellants. Therefore, the court erred in dismissing cross-appellants and appellee Mack from this case.

Appellant contends the evidence is not sufficient to sustain the verdict of the jury. She first contends that appellee, by her own evidence, affirmatively defeated her own claim because she introduced evidence to prove she was the widow of decedent; that under the successive beneficiary clause of the policy appellee had the burden of proof that there was no widow, no surviving children, parents, brothers or sisters before she, as administratrix, would be entitled to recover. There is merit to this contention. However, the principal question here is whether there is substantial evidence of probative value in the record to sustain the verdict of the jury. In considering this question we may consider only the evidence most favorable to appellee.

The record discloses that for some time prior to December 16, 1952 appellant and decedent had been living together as husband and wife. Decedent had told appellant he had obtained a divorce from his wife, which was not true. About six months prior to said last mentioned date decedent had changed the beneficiary of his insurance policy from appellee May Bell Mack to appellant. However, appellant did not know of the existence of this policy or the change until some few weeks after decedent's death.

On the above mentioned date they had been out drinking. They returned home about eight P. M. Appellant prepared a meal but decedent did not eat. He wanted appellant to come to bed with him which she refused because he was due to go to work about ten-thirty P. M. An argument ensued when she heard him talking on the phone. He struck her and knocked her down. He was astride her beating her and had a knife in his hand. In the ensuing struggle she struck him with a vase and knocked the knife from his hand. He continued beating her and she grabbed the knife from the floor and stabbed him. He was dead when the police arrived. She had a cut on her head, a bite on her shoulder, and a wound in her breast.

In the case of *Beene* v. *Gibraltar Industrial Life Insurance Company et al.* (1945), 116 Ind. App. 290, 63 N. E. 2d 299, where the facts are much stronger in favor of the judgment of the trial court, this court, in reversing the judgment of the trial court, stated the rule which is our guide in actions of this kind, as follows:

> "Based solidly on the requirements of public policy and fortified by the maxim that a person should not be permitted to profit from his own wrong, the rule of law is firmly established that a beneficiary in a life insurance policy who *intentionally and wrongfully* causes the death of the insured forfeits all rights which he may have in or under the policy of insurance. See 29 Am. Jur., p. 979, §1310 et seq." (Our emphasis).

See also 46 C. J. S., p. 58, §1171.

In our opinion the record in this case wholly fails to establish that appellant wilfully, unlawfully and intentionally killed decedent.

Judgment reversed, with instructions to sustain ap-

pellant's motion for a new trial, and for further proceedings in accord with the views expressed herein.

Bowen, J., dissents.

NOTE.—Reported in 130 N. E. 2d 484.