## BAILEY *v.* BAILEY ET AL.

[Cause No. 20,626. Filed December 29, 1967. Rehearing denied
January 22, 1968. Transfer denied March 29, 1968.]

*Raymond B. Rolfes, Frank I. Hamilton,* of Greensburg, and *John S. Grimes,* of Indianapolis, for appellant.

*Hubert E. Wickens, Don H. Wickens* and *Wickens & Wickens,* of Greensburg, for appellees.

PRIME, J.—This is an action brought by the appellant against the appellees to construe the will of Roscoe Bright, deceased.

The case was tried to the court without jury. The facts were stipulated by both sides as follows:

"1.  Roscoe Bright, (hereinafter referred to as 'Decedent'), died testate a resident of Adams Township, Decatur County, Indiana, on January 9, 1957. The said decedent was born on a farm in said Adams Township, Decatur County, Indiana, on the 5th day of December, 1880, and resided there all of his life.

2.  That said decedent was survived by no spouse, no father or mother, and no decendants, and no brother or sister, but was survived by the plaintiff, Frances Varble Bailey, a niece, the sole and only heir at law of said decedent.

3.  That the Adams Methodist Church of Adams, Indiana, was founded in 1853 and is a duly constituted church of the Methodist denomination professing the tenets of Methodism and affiliated with the Methodist Church as such church is constituted, organized and existing in the United States of America. Said church is the owner of real and personal property located in Adams, an unincorporated village, located in said Adams Township, Decatur County, Indiana, said church having a minister, a congregation, a place of worship and regular services held therein.

4. That in addition to the Adams Methodist Church there existed on the date of the death of Roscoe Bright also located in Adams Township, Decatur County, Indiana, one other Methodist Church, to-wit: The St. Paul Methodist Church of St. Paul, a town in said Adams Township, Decatur County, Indiana. Said St. Paul Methodist Church was founded prior to the year 1882 and has been since said time a duly constituted church of the Methodist denomination professing the tenets of Methodism, and affiliated with the Methodist Church as such church is constituted, organized and existing in the United States of America. Said church is the owner of real and personal property located in St. Paul, an incorporated town, located in Adams Township, Decatur County, Indiana, said church having a minister, a congregation, a place of worship and regular services held therein.

5. That the Star Baptist Church of Adams Township, Decatur County, Indiana, (sometimes also known as New Little Flatrock Baptist Church) was founded in 1870 and is a duly organized and constituted church of the Baptist denomination, maintained in and having real and personal property in a rural area of Adams Township, Decatur County, Indiana, said church having a minister, a congregation, a place of worship and regular services held therein. It professes the tenets of the Baptist Church and is affiliated with the said Baptist Church as such Church is constituted, organized and existing in the United States of America. That said Star Baptist Church is located on real estate adjoining the Star cemetery, a separately organized association. Decedent and members of his family are interred in said Star Cemetery.

6. That Decatur County National Bank of Greensburg, Indiana, is a national banking corporation formed under the laws of the United States of America, existing and having its principal place of business in Greensburg, Decatur County, Indiana. That said bank is authorized by law to act in a fiduciary capacity as executor, trustee and other fiduciary capacities under the Indiana State Law, and the laws of the United States of America. That said Bank was been in continuous existence since its formation in 1934.

7. That the said Adams Methodist Church, the said Star Baptist Church, and the said St. Paul Methodist Church are all located in Adams Township, Decatur County, Indiana, and each is a voluntary association for religious purposes and each is operated by Trustees who are the duly elected and authorized persons to conduct the business

affairs of the said churches. That the duly constituted and appointed Trustees of the Adams Methodist Church of Adams, Indiana, now are Staton Maudlin, Dewey Barker, Glenn Davis and Hartzell Wells. The duly constituted, appointed and acting Trustees of the Star Baptist Church of Adams Township, Decatur County, Indiana, are Eugene Moore, Louis Remmler and Gene Fogel. The Trustees of the St. Paul Methodist Church located in St. Paul, Adams Township, Decatur County, Indiana, are Robert Meal, Wayne Alters, W. L. Gay, Jr., Carl VanArsdall, Lewis Kanouse, Harold Denton and Clyde McClain.

8. That the defendants, Roderick Bailey, Ivan Bailey, Lyle Bailey, Don Bailey and Pauline Steen, are the children of the said Frances Varble Bailey, the plaintiff herein.

9. That the defendant, Ely Avery, is an individual residing in the town of St. Paul, Adams Township, Decatur County, Indiana, and was a long time personal friend of the decedent and of the decedent's spouse. That the said Ely Avery at the time of the death of the decedent was 66 years of age. The said Ely Avery is alive and resides in St. Paul, Adams Township, Decatur County, Indiana.

10. That the said last will and testament of the said Roscoe Bright was admitted to probate in the Decatur Circuit Court of Indiana, on the 14th day of January, 1957, and is contained in Will Record Number 12, pages 29, 30 and 30A, and a true copy of it has been attached hereto and made a part of this stipulation. That probate thereof has not been revoked. That no proceedings were instituted to contest said will.

11. The defendant, said Decatur County National Bank of Greensburg, Indiana, was named in said will as the Executor. It is now the duly qualified and acting Executor of the estate of said decedent and has been since its appointment and qualification on the 14th day of January, 1957.

12. That the defendants, Roderick Bailey, Ivan Bailey, Lyle Bailey, Don Bailey, Pauline Steen, Ely Avery, the Trustees of the Adams Methodist Church of Adams, Indiana, the Trustees of the Star Baptist Church of Adams Township, Decatur County, Indiana, and all other Methodist Churches located in Adams Township, Decatur County, Indiana, are the only named legatees in the said will and are the only beneficiaries named in said will and are all now properly before this Court.

13. That the decedent was married to Maude Towler Bright on the 26th day of October, 1939, and said persons

lived together until the death of the said Maude Bright on the 11th day of June, 1956.

14. That the said decedent at the time of his death was the owner of real, personal and intangible property including the real and personal property mentioned in the said last will and testament.

Dated this 28 day of April, 1965.

/s/ RAYMOND B. ROLFES  /s/ WICKENS & WICKENS

Attorney for Plaintiff  /s/ HUBERT E. WICKENS

/s/ FRANK I. HAMILTON  Attorney for the Decatur County National Bank of Greensburg, Indiana, as Executor of the Last Will and Testament of Roscoe Bright, Deceased and all beneficiaries except Roderick Bailey, Ivan Bailey, Lyle Bailey, Don Bailey and Pauline Steen."

Upon request the court made special findings of fact and conclusions of law thereon. The special findings, conclusions of law and a copy of the will are made a part of this opinion as Appendix A.

The appellant filed a motion for a new trial which was overruled and this is the error assigned.

The appellee has previously filed herein a motion to dismiss or affirm which has been held in abeyance. There is some reason to believe that the motion may be well taken but in our opinion this case is one that should be determined on the merits. Therefore at this time the motion to dismiss or affirm is overruled.

The appellant, who is a niece of the deceased, contends that the will of Roscoe Bright is ambiguous and requires construction. Also that the testamentary trusts are void because of remoteness of vesting and as being of too long duration. These contentions require consideration of our statute which sets down the "rule against perpetuities."

The present statute is:

"An interest in property shall not be valid unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. It is the intention by the adoption of this act [§51-105—51-110] to make effective in Indiana what is generally known as the common law rule against perpetuities, except as provided in Sections 2, 3, 4 and 5 [§ 51-106—51-109] of this act." Acts 1945, Ch. 216, Sec. 1, P. 983 Burns' Indiana Statutes Sec. 51-105, 1964 Repl.

The will gave certain farms and property to two sons of the appellant subject to a life estate of the wife of decedent. The wife pre-deceased the testator. All the residue of the estate was given in trust to the Decatur County National Bank of Greensburg, Indiana, to manage as set out in Items 5, 6, 7 and 8 of the will. The income from the trust fund was to be divided into three parts. One-fourth ($\frac{1}{4}$), one-fourth ($\frac{1}{4}$), and one-half ($\frac{1}{2}$). The first one-fourth ($\frac{1}{4}$) was to go to a friend, Ely Avery, during her life and at her death this trust was to terminate. After that the income from the one-fourth ($\frac{1}{4}$) was to go to the Adams Methodist Church of Adams, Indiana. If the said Adams Church ceased to exist the income from the same one-fourth ($\frac{1}{4}$) was to go to any other Methodist Church or churches in Adams Township, Decatur County, Indiana.

Ely Avery was still living at the time of the trial of the case.

Item Six provided that the remaining one-fourth ($\frac{1}{4}$) and one-half ($\frac{1}{2}$) of the trust fund should go to the wife of the testator during her lifetime. At her death one-half ($\frac{1}{2}$) of the income was to go to the Star Baptist Church of Adams Township, Decatur County, Indiana. The remaining one-fourth ($\frac{1}{4}$) of the trust, at the death of the wife, was to be divided equally between three other children of the appellant.

Since the wife is deceased we have the following situation:

One-fourth ($\frac{1}{4}$) to Ely Avery for life then to the Adams Methodist Church.

One-half ($\frac{1}{2}$) to the Star Baptist Church.

One-fourth to be divided among three named persons.

The appellant contends that three-fourths (¾) of the estate was not a valid trust because it violated the statute against perpetuities because of remoteness of vesting and as being of too long duration. That the corpus of three-fourths (¾) of the estate is not given to any person, party or organization. That it did not vest immediately as required by law and did not ever vest. That the income was divided but not the property itself. Hence, the decedent died intestate as to the three-fourths (¾) of his estate.

The issue here then is did the decedent create a valid trust as to the three-fourths (¾) of the residue of his estate.

"When property is delivered over to a trustee the trustee takes a legal title and the beneficiary takes an equitable title. Both have a property interest recognized by law." *Trusteeship of Creech* v. *Russellville Bank* (1960), 130 Ind. App. 611, 619, 159 N. E. 2d 291.

"A fundamental essential of any trust is separation of the legal estate from the equitable estate and the beneficial enjoyment; there can be no trust when both the legal title and the beneficial interest are in the same person. As the rule has expressed, every trust must necessarily involve a legal title encumbered with an equitable duty in favor of an equitable right, or, in other words, involve a legal ownership that is not absolute, but qualified by an equitable interest. Where the settlor is the trustee, the equitable interest must be in another." 54 Am. Jur. *Trusts*, Section 35, pp. 46, 47.

"Beneficiaries of an active trust are the equitable owners of property held in trust; they have an equitable, and not a legal, title, estate, or interest in the trust property by virtue of the trust itself which consists essentially in a right to performance of the trust. Their equitable title, estate, and interest does not depend upon the formal acceptance of the trust by the trustee, and they will be protected by a court of equity, even though the trustee declines to act.

It is a well-settled general rule that the beneficiary of a testamentary trust who is given the income from the trust fund is entitled to the income from the time of the testator's death, unless the will expressly provides otherwise or its provisions—such as those regarding the time and amount of

payments—indicate a contrary intention on the part of the testator." 54 Am. Jur. *Trusts,* Section 100, pp. 92, 93.

". . . the word vest has a double meaning; it is employed to denote either 'a vesting of interest,' or 'a vesting in possession'." *Busick* v. *Busick* (1917), 65 Ind. App. 655, pp. 668-669, 115 N. E. 1025.

■ Vesting does not mean the same as establishing a fee simple title.

"The amount, if any, that Wheeler Creech might receive out of the trust and the time he might receive it was contingent and uncertain but his right to receive it was not. It was fixed and vested and was a property right and therefore he could sell, devise, assign or dispose of this right to whomever he pleased for any consideration that he chose. His possession or enjoyment of the interest might be postponed, delayed or never come to pass, but his right to it, if it did ever materialize, was as sure and certain as anything in law." *Trusteeship of Creech* v. *Russellville Bank, Supra.*

The Creech case, *supra,* continues:

"A vested interest under a trust is established by the same general principles as apply to the common law life estate. The character of the corpus—real, personal, tangible, or intangible, is immaterial. The use of a trustee as a method of conveyance does not affect the rule regulating the time of the vesting of the estate in the remainder beneficiary. The preference of the law for an early vesting would govern. When property is delivered over to a trustee, whether by virtue of a trust agreement or a testamentary devise, the trustee takes the *legal title* to the property and the cestui que trust or beneficiary takes the *equitable title.* Both have a property interest recognized by law. Where the trust provides that the trustee shall hold and manage the property and pay the income derived therefrom and a part or all of the corpus in its discretion to one beneficiary for life and the remainder if any to a remainder beneficiary upon the death of the first beneficiary, both the first beneficiary and the remainder beneficiary, upon the activation of the trust, acquire an interest and one that can be assigned by either beneficiary. *Richardson, et al.* v. *Chastain, et al.* (1953), 123 Ind. App. 44, 11 N. E. 2d 831; see also § 163 *Restatement of the Law, Property (Future Interests)*."

Income is a property interest which may "vest." The Creech citation says it makes no difference if the "prop-

erty" is tangible or intangible. Also 54 Am. Jur. *Trusts* pp. 93, 94, Sec. 102 Gavit, *Future Interests,* § 52, p. 109.

The legal title vests in the trustee, an equitable title vests in the beneficiaries as quoted from the Creech case. Also 54 Am. Jur. *Trusts,* Sec. 96, pp. 88 and 89.

The time of vesting as quoted from the Creech case is "when property is delivered over to a trustee." "Estate is vested where there is an immediate right of present enjoyment or present fixed rights of future enjoyment." *Webb* v. *Biles* (1927), 161 N. E. 218, 219 (27 Oh. App. 197). *In re Stockers Estate* (1918), 103 A. 885, 886; 260 Pa. 385; *Safe Deposit etc.* v. *Shuhan* (1935), 179 A. 536, 543, 139 Md. 93.

The "interest in property" referred to in the perpetuity statute does not merely refer to a fee simple title and the word property includes the right to receive income all as brought out in the Creech case. This is also sustained in Gavit, *Future Interests,* § 52, p. 109. 54 Am. Jur. *Trusts,* Sec. 102, pp. 93-94.

". . . a vested interest does not necessarily include a right to the possession . . ." 41 Am. Jur. *Perpetuities etc.,* Sec. 23, p. 67.

A vested interest under a trust is established by the same general principles as apply to the common law life estate. (p. 619 of 130 Ind. App. 611).

"The rule against remoteness of vesting is not applicable to trustees since title to the real estate is vested in them." *Thompson on Real Property,* Vol. 4A, § 2024 (Grimes 1961 Repl.) p. 668.

The appellant urges that there is no provision as to the principal if the churches named in the will should cease to exist.

Perpetual trusts are recognized, and approved even though there is always the possibility that the charity may cease to exist.

"If property is given in trust to be applied to a particular charitable purpose, and the purpose is fully accomplished without exhausting the trust estate, and if the settlor manifested a more general intention to devote the whole of the trust property to charitable purposes, there will not

be a resulting trust of the surplus, but the court will direct the application of the surplus to some charitable purpose which falls within the general intention of the settlor. This is the application of the doctrine of cy pres." Restatement Second Trusts, Sec. 432 a. p. 386. Also, see Sec. 400, begin p. 307.

"The well-reasoned view generally followed is that when property is validly devised or bequeathed in trust for charitable purposes and the trust becomes operative, the effect is to take the property out of the estate of the testator . . ." 15 Am. Jur. 2d *Charities*, § 128, p. 135

We conclude that the decedent executed his will with reasonable clarity, and that there is no ambiguity which would sustain the appellant.

The law favors charitable trusts if created lawfully and in good faith. We believe the trusts in this case are sound and not in violation of any law.

The trial court reached a decision which was sustained by the evidence and was not contrary to law.

Judgment affirmed.

Carson, C. J., Cooper, J., concur.

Faulconer, J., concurs in result.

## APPENDIX A

### FINDING OF FACTS AND CONCLUSIONS OF LAW

Omitting formal parts the trial court's special finding of facts and conclusions of law, as entered prior to judgment, are:

### FINDING OF FACT

The Court, at the written request of the defendant, Decatur County National Bank of Greensburg, Indiana, Executor of the Last Will and Testament of Roscoe Bright, deceased,

having heretofore granted said request now makes the following finding of facts in this cause and states conclusions of law thereon as follows:

## THE COURT FINDS THE FACTS TO BE:

1. Roscoe Bright (hereinafter referred to as "Decedent"), died testate a resident of Adams Township, Decatur County, Indiana, on January 9, 1957. The said decedent was born on a farm in said Adams Township, Decatur County, Indiana, on the 5th day of December 1880, and resided there all of his life.

2. That said decedent was survived by no spouse, no father or mother, and no descendants, and no brother or sister, but was survived by the plaintiff, Frances Varble Bailey, a niece, the sole and only heir at law of said decedent.

3. That the Adams Methodist Church of Adams, Indiana, was founded in 1853 and is a duly constituted church of the Methodist denomination professing the tenets of Methodism and affiliated with the Methodist Church as such church is constituted, organized and existing in the United States of America. Said church is the owner of real and personal property located in Adams, an unincorporated village, located in said Adams Township, Decatur County, Indiana, said church having a minister, a congregation, a place of worship and regular services held therein.

4. That in addition to the Adams Methodist Church there existed on the date of the death of Roscoe Bright also located in Adams Township, Decatur County, Indiana, one other Methodist Church, to-wit: The St. Paul Methodist Church of St. Paul, a town in said Adams Township, Decatur County, Indiana. Said St. Paul Methodist Church was founded prior to the year 1882 and has been since said time a duly constituted church of the Methodist denomination professing the tenets of Methodism, and affiliated with the Methodist Church as such church is constituted, organized and existing in the United States of America. Said church is the owner of real

and personal property located in St. Paul, an incorporated town, located in Adams Township, Decatur County, Indiana, said church having a minister, a congregation, a place of worship and regular services held therein.

5. That the Star Baptist Church of Adams Township, Decatur County, Indiana (sometimes also known as New Little Flatrock Baptist Church) was founded in 1870 and is a duly organized and constituted church of the Baptist denomination, maintained in and having real and personal property in a rural area of Adams Township, Decatur County, Indiana, said church having a minister, a congregation, a place of worship and regular services held therein. It professes the tenets of the Baptist Church and is affiliated with the said Baptist Church as such Church is constituted, organized and existing in the United States of America.

That said Star Baptist Church is located on real estate adjoining the Star Cemetery, a separately organized association. Decedent and members of his family are interred in said Star Cemetery.

6. That Decatur County National Bank of Greensburg, Indiana is a national banking corporation formed under the laws of the United States of America, existing and having its principal place of business in Greensburg, Decatur County, Indiana. That said bank is authorized by law to act in a fiduciary capacity as executor, trustee and other fiduciary capacities under the Indiana State Law, and the laws of the United States of America. That said Bank has been in continuous existence since its formation in 1934.

7. That the said Adams Methodist Church, the said Star Baptist Church, and the said St. Paul Methodist Church are all located in Adams Township, Decatur County, Indiana, and each is a voluntary association for religious purposes and each is operated by Trustees who are the duly elected and authorized persons to conduct the business affairs of the said churches.

8. That the said last will and testament of the said Roscoe Bright was admitted to probate in the Decatur Circuit Court of Indiana, on the 14th day of January, 1957, and is contained in Will Record Number 12, pages 29, 30 and 30A in the office of the Clerk of said Court. That probate thereof has not been revoked. That no proceedings were instituted to contest said will. A true copy of said will is as follows:

## LAST WILL AND TESTAMENT
### OF
### ROSCOE BRIGHT

I, Roscoe Bright, do hereby make, publish and declare the following as and for my last will and testament, hereby revoking any and all former will by me made.

ITEM 1. I will that all my just debts, if any, and expenses of last sickness and funeral be paid promptly.

ITEM 2. I give to my beloved wife, Maude Bright, any passenger automobile owned by me at the time of my death and also all household goods in our home absolutely, except that my library shall go to Irvin Bailey at my wife's death.

ITEM 3. To my wife, said Maude Bright, so long as she shall live and remain my widow, I give my home farm containing 200 acres more or less on which I now live and also the Miers farm containing 100 acres, more or less, located North of my home place. At her death or remarriage, said home place of 200 acres more or less on the South side of the road shall go to my nephew, Roderick Bailey, in fee simple; and the Miers farm, the 100 acres on the North side of the road, shall go to Irvin Bailey also in fee. The lumber, tools, and fence materials and other personal property on each farm for use thereon shall go with farm.

ITEM 4. All the residue of my estate of every kind and description including stocks, bonds or other securities, I give

in Trust to the Decatur County National Bank of Greensburg, Indiana, as Trustee, to hold in trust, manage, invest and distribute as herein provided.

ITEM 5. The income from said trust fund shall be divided into three (3) parts one-fourth ($\frac{1}{4}$), one-fourth ($\frac{1}{4}$) and one-half ($\frac{1}{2}$). The first one-fourth ($\frac{1}{4}$) of said income shall go to Ely Avery of St. Paul, Indiana, for and during her life and at her death the trust shall terminate as to her. Thereafter said one-fourth ($\frac{1}{4}$) of such income shall continue and go to the Trustees of the Adams Methodist Church of Adams, Indiana, to be used for the upkeep of said Church.

If at any time said Adams Methodist Church is abandoned or shall cease to exist as an active church then the said share of said income shall go to and be used in the same manner and purpose by the remaining local church or churches of said Methodist Church in Adams Township; it being my will that no part of said trust fund or income shall be used or expended outside of said Adams Township, Decatur County, Indiana. If there should be more than one church entitled to share in such income, the Trustee shall distribute the same in proportion to the respective members of said Churches.

ITEM 6. My said Trustee shall pay the remaining one-fourth ($\frac{1}{4}$) and one-half ($\frac{1}{2}$) of the income from said trust fund to my wife, Maude Bright, so long as she shall live and remain my widow, and at her death or remarriage the one-half ($\frac{1}{2}$) of the income from said trust fund shall be paid to the Trustees of the Star Baptist Church of Adams Township said county; and shall be applied to the upkeep to said Church and church buildings and the cemetery adjoining, if controlled by said church.

ITEM 7. At the death of my wife, said Maude Bright, the trust shall terminate as to the remaining one-fourth ($\frac{1}{4}$) of said trust estate and the principal or corpus of said one-

fourth (¼) part shall be divided equally between the children of my niece, Varble Bailey namely Lyle Bailey, Don Bailey and Pauline Steen.

The Trustee shall distribute said income at such periods as requested by the several beneficiaries but shall not be required to distribute the same more frequently than quarterly.

ITEM 8. Said trust fund shall be invested in approved securities and only in those, the payment of which is provided for by taxation. Said trust fund shall in all other ways be invested and administered in accordance with the laws of the State of Indiana and under directions and control of the Court having jurisdiction of such trust.

ITEM 9. I appoint the Decatur County National Bank of Greensburg, Indiana, Executor of this my last will and testament and also Trustee herein.

IN WITNESS WHEREOF, I execute this my last will and testament and set my hand and seal thereto at Greensburg, Indiana, this 9th day of November, 1954.

/s/ Roscoe Bright

The foregoing instrument, signed, sealed and acknowledged by said Roscoe Bright as and for his last will and testament, in our presence, who, at his request, in his presence and in the presence of each other have subscribed our names as witnesses thereto. The words "200," "materials," "Varble" interlined before signing. Witness our hands this 9th day of November, 1954.

/s/ Hugh D. Wickens
/s/ Hubert E. Wickens

It is agreed that the modification of his last will and testament this day executed by said Roscoe Bright does not reduce the interest of his wife in his estate, as agreed to by them before marriage and we do ratify and confirm the said contract and said Maude Bright accepts the provisions of this

will as a complete performance of the contract between them and as a statement of her interest in his estate.

Dated this 15 day of November, 1954.

/s/ Maude Bright
/s/ Roscoe Bright

WITNESSES:
/s/Hugh D. Wickens
/s/Hubert E. Wickens

9. The defendant, said Decatur County National Bank of Greensburg, Indiana, was named in said will as the Executor. It is now the duly qualified and acting Executor of the estate of said decedent and has been since its appointment and qualification on the 14th day of January, 1957.

10. That the defendants, Roderick Bailey, Ivan Bailey, Lyle Bailey, Don Bailey, Pauline Steen, Ely Avery, the Trustees of the Adams Methodist Church of Adams, Indiana, the Trustees of the Star Baptist Church of Adams Township, Decatur County, Indiana, are the only named legatees in the said will and are the only beneficiaries named in said will and are all now properly before this Court.

11. That the decedent was married to Maude Towler Bright on the 26th day of October, 1939, and said persons lived together until the death of the said Maude Bright on the 11th day of June, 1956.

12. That the said decedent at the time of his death was the owner of real, personal and intangible property including the real and personal property mentioned in the said last will and testament.

13. That the plaintiff is not entitled to a delaratory judgment.

14. That the meaning of the will is clear and there is no ambiguity.

15. That said will needs no construction.

16. That the plaintiff is not entitled to recover herein.

17. That the plaintiff has failed to establish the truth of the allegations contained in her complaint.

## AND AS CONCLUSIONS OF LAW UPON
## THE FACTS THE COURT STATES

1. The law is with the defendants, Ely Avery, Trustees of the Adams Methodist Church of Adams, Indiana, Methodist Churches located in Adams Township, Decatur County, Indiana, Trustees of the Star Baptist Church of Adams Township, Decatur County, Indiana, Decatur County National Bank of Greensburg, Indiana, as Executor of the last will and testament of Roscoe Bright, deceased, Roderick Bailey, Ivan Bailey, Lyle Bailey, Don Bailey and Pauline Steen.

2. The last will and testament of Roscoe Bright, deceased, set out in Special Finding No. 8 is valid and is binding and is not ambiguous and it needs no construction.

3. The trusts provided for in said will are clear, valid, binding and enforceable trusts, for the benefit of the charities named in said will.

4. The trust providing income for her natural life to Ely Avery, terminates within the period required by the statute commonly known as the "Indiana Statute on Perpetuities" and is not in violation of any law of the State of Indiana relating to trusts or to the length of time property may continue to be held in trust.

5. The trust requiring payment of income to the Adams Methodist Church of Adams, Indiana, is a valid charitable trust and the law of the State of Indiana does not require such trust to terminate at any specified time nor within lives in being and twenty-one years.

6. The trust requiring payment of income to the church or churches of the Methodist Church in Adams Township, Decatur County, Indiana in the event that the Adams Methodist Church of Adams, Indiana, ceased to exist is a valid charita-

ble trust and the law of the State of Indiana does not require such trust to begin or to terminate at any specified time nor within lives in being and twenty-one years.

7. That all of the residue of the estate of the said Roscoe Bright, deceased, after the payment of debts, expenses, taxes and specific bequests vested on the probate of the last will and testament of said decedent.

8. That the enjoyment of said residue being in some events postponed and being contingent in the instance of the remaining Methodist Churches of Adams Township does not operate to postpone the vesting in interest of all of said residue.

9. That the corpus of all funds of said estate which were placed in trust, vested within the period provided by the statute and common law commonly referred to as the "Indiana Rule Against Perpetuities".

10. That Roderick Bailey and Ivan Bailey as legatees and devisees herein are owners and entitled to have and receive the farm real estate and the personal property which was on said farms at the death of Roscoe Bright as set out in Item 3 of the will of said Roscoe Bright and the said real and personal property shall be transferred to said persons upon the closing of the said estate and when all matters of death taxes and of administration have been settled and paid.

11. That the defendants, Lyle Bailey, Don Bailey and Pauline Steen as legatees herein, are owners and entitled to have and receive of the assets of the Estate of Roscoe Bright, deceased, a sum equal to one-fourth of the residue of said estate when payment has been made and proper accounting is completed to show the payment of all debts, expenses and taxes of the decedent and said estate and after the delivery of the property mentioned in Conclusion of Law No. 10 above, and the said defendants, Lyle Bailey, Don Bailey and Pauline Steen are hereby declared to be entitled to have said one-fourth share divided equally between them.

12. That all of the residue of the Estate of said Roscoe Bright, deceased, after delivery of the property mentioned in Item 3 of the will as set out in Conclusion of Law No. 10 above, and after the payment of the one-fourth of the residue as provided in Item 7 of the will and Conclusion of law No. 11 above and after the payment of taxes, debts and expenses, is and is hereby declared to be property held in trust and it shall be delivered to Decatur County National Bank of Greensburg, Indiana, as Trustee under the last will and testament of Roscoe Bright, deceased, the said Trustee to possess and hold the same in trust:

A. (a) The income of one-third of said sums does belong to and shall be paid to Ely Avery for and during her natural life and at her death the trust shall terminate as to her.

(b) Thereafter, the said income of one-third of said sums belongs to and shall go to the Trustees of the Adams Methodist Church of Adams, Indiana, to be used for the upkeep of said Church.

(c) If at any time said Adams Methodist Church is abandoned or shall cease to exist as an active church then the said share of said income shall go to and be used in the same manner and purpose by the remaining local church or churches of said Methodist Church in Adams Township; no part of said trust fund or income shall be used or expended outside of said Adams Township, Decatur County, Indiana. If there should be more than one church entitled to share in such income, the Trustee shall distribute the same in proportion to the respective members of said Churches.

B. The income from the remaining two-thirds of said trust corpus belongs to and shall be paid to the Trustees of the Star Baptist Church of Adams Township, Decatur County, Indiana, and shall be

applied to the upkeep of said Church and church buildings and the cemetery adjoining, if controlled by said church.

The income shall be distributed at such periods as it is requested by the named beneficiaries except that the trustee shall not be required to distribute the same more frequently than four times a year.

The corpus of the trust shall be invested in securities qualifying for approval under laws of this state for trusts and of such only those the payment of which is provided for by taxation. In all other ways the trust fund shall be invested and administered in accordance with the laws of the State of Indiana and under the directions and control of the Court having jurisdiction of said trust.

13. That the plaintiff, Frances Varble Bailey, takes nothing by her complaint herein and that no resulting trust in her favor is in existence.

14. That the said plaintiff has no interest in the subject matter of this litigation or the assets of said estate.

15. That the said plaintiff is not entitled to a declaratory judgment herein.

16. That the defendants recover their costs herein."

NOTE.—Reported in 232 N. E. 2d 372.