GEORGE BOATWRIGHT, as Administrator of the Estate of CON-
STANCE STONE, Deceased, Appellant, v HARTFORD INSUR-
ANCE GROUP, Respondent.

GEORGE BOATWRIGHT, as Administrator of the Estate of CON-
STANCE STONE, Deceased, Appellant, v NEW YORK LIFE
INSURANCE COMPANY, Respondent.

Fourth Department, November 3, 1978

**APPEARANCES OF COUNSEL**

*John Manning Regan* for appellant.

*Hickey, McHugh & Garlick (Thomas B. Garlick* of counsel), for Hartford Insurance Group, respondent.

*Ohlin, Damon, Morey, Sawyer & Moot (James N. Schmit* of counsel), for New York Life Insurance Company, respondent.

### OPINION OF THE COURT

SIMONS, J.

Plaintiff was the uncle of decedent, Constance Stone, and he is the administrator of her estate. He brings these actions to recover the proceeds of two insurance policies upon her life issued by the defendant insurance companies and payable according to their terms to decedent's husband, Gary Stone, as beneficiary. Gary Stone has been convicted of murdering his wife and it is clear that under established law defendants are not required to pay the proceeds of the policies to him *(Riggs v Palmer,* 115 NY 506), or to persons taking through him *(Matter of Bach,* 53 AD2d 612; see, also, *Bierbrauer v Moran,* 244 App Div 87). What is not so clear is whether the insurer is relieved also of paying the policy proceeds to plaintiff as administrator of the victim's estate as defendants claim. Special Term held that they were and granted the motions of the defendant insurance companies for summary judgment dismissing the complaints.

The policies were term policies purchased by Gary Stone approximately a year before his wife's death. He was the only named beneficiary and the owner of each policy. Recognizing that Gary Stone cannot receive the proceeds because of his conviction and claiming that under the terms of both insurance contracts he is the only payee, defendants assert that they are relieved of liability to pay the death benefits. They contend that plaintiff may not receive the proceeds because decedent did not have, nor does her estate now have, any legal interest in the policies. We agree with that interpretation of the contracts and the result they seek.

Defendant Hartford's policy provided:

"The designations of Owner and Beneficiary *in the application* will remain in effect until changed by the Owner.

"At the Insured's death the Beneficiary will be as provided in the beneficiary designation then in effect. If no beneficiary designation is then in effect or if there is no designated beneficiary living, the Owner will be the Beneficiary and in

this case if the Insured is the Owner, the Insured's estate will be the Beneficiary." (Emphasis added.)

Gary Stone was the designated beneficiary but after the murder the designation was void as against public policy. In that circumstance, the policy provided that the "Owner will be the Beneficiary", but Gary Stone was also the "Owner" because the insurance application provided that: "Unless otherwise stated, the policy shall be owned by the Applicant, if other than the Proposed Insured." Gary Stone was the "Applicant" and in the absence of any change in the designations in the application he was the only payee under the terms of the contract. Thus, decedent had no legal interest in the Hartford policy.

Defendant New York Life Insurance Company's policy provided that Gary Stone was both the "owner" of the policy and its sole "beneficiary". It did not explicitly make provision for the lack of a designated beneficiary and the only pertinent language found in the policy specified: "Death of Beneficiary. If the last surviving beneficiary for any death benefit proceeds payable under this policy predeceases the Insured, the beneficial interest in such proceeds shall vest in the Owner".

The policy speaks only of the failure to name a beneficiary because the beneficiary predeceased the insured. This omission to provide for failure of a designated beneficiary should be resolved against the insurer by treating any such failure in the same manner as if the beneficiary predeceased the insured, i.e., "that the beneficial interest in such proceeds shall [then] vest in the Owner" (see *Miller v Continental Ins. Co.*, 40 NY2d 675, 678). However, even with that construction of the policy, Gary Stone remains the "owner", and *ipso facto*, the beneficiary and his interest must be invalidated as against public policy. Thus, the result in the case of the New York Life policy is the same as that in the Hartford policy. The only payee under the language of either contract is the murderer, who is disqualified from taking.

Since no one other than the murderer had any legal interest in the policies and no New York case has ruled on this precise question, Special Term applied the rule stated in Restatement, Restitution (§ 189, subd [1]) and held that the insurers were relieved of liability to pay the death benefits of the policies. The Restatement rule provides that the beneficiary of a life insurance policy who has murdered the insured holds his interest under the policy upon a constructive trust

for the estate of the insured except that the insurer is relieved of liability to pay the proceeds of the policy if (1) the insuring agreement excepts the risk (see *Mackowiak v Polish Union of Amer.,* 236 App Div 44, 46), (2) the contract is fraudulent in its inception (see *Goldstein v New York Life Ins. Co.,* 225 App Div 642), or (3) no one other than the murderer or one claiming through him has any interest in the policy (Comment *e).* No one had any interest in the policies involved in this appeal other than Gary Stone. Defendants are relieved of liability, therefore, by virtue of the third exception.

Plaintiff contends that such a result is inequitable and that insurance policies should be construed liberally to uphold them whenever possible (see *Kramnicz v First Nat. Bank of Greene,* 32 AD2d 1009, 1010). He would establish as a rule of law that the policy proceeds should be paid to the estate of an insured homicide victim whenever the policy fails to designate a contingent beneficiary, or whenever interpretation of the policy provisions results in failure of a payee. The burden, he contends, and not an unreasonable one, thus is placed upon the insurer to except the risk before writing the contract. That argument, however, asks little more of the insurer than what these defendants have already done. By the language of their policies, they have provided that there is no beneficiary other than those designated by the applicant, owner or beneficiary. Nothing is added by requiring a specific exclusion for this one unusual circumstance, and to interpret the present policies as plaintiff requests would contravene the express language contained in them.

The Restatement rule is supported by leading authorities upon the reasoning that the decedent had no interest in the policy even if she had died a natural death and therefore her estate should not now profit because of the beneficiary's homicide (see Restatement, Restitution, § 189, subd 1, Comment *e,* [3]; 5 Scott, Trusts [3d ed], § 494.2; 4 Couch, Insurance [2d ed], § 27:162; McGovern, Homicide and Succession to Property, 68 Mich L Rev 65, 82-83; contra Bogert, Trusts and Trustees [2d ed], § 478, pp 176-179; see, also, *New York Mut. Life Ins. Co. v Armstrong,* 117 US 591). We believe that it should govern the disposition of this case.

Conceivably, situations may arise in which equitable principles suggest the necessity for judicial intervention to prevent an overly harsh result if the insurer is relieved of liability even though the victim and her estate lack any legal interest

in the insurance policy (see, e.g., *Matter of Draper v Commissioner of Internal Revenue,* 536 F2d 944). In this case, however, we find no such circumstance and the orders appealed should be affirmed.

MARSH, P. J., MOULE, CARDAMONE and SCHNEPP, JJ., concur.

Orders unanimously affirmed, without costs.