[File No. 6482.]

L. R. BAIRD, as Receiver of the Farmers & Merchants State Bank of Verona, an Insolvent Corporation, Appellant, v. H. T. UTECHT, Respondent.

(274 N. W. 513.)

Opinion filed July 2, 1937.

*F. J. Graham,* for appellant.

*E. F. Coyne,* for respondent.

Morris, J. On December 12, 1929 the defendant executed and delivered three promissory notes payable to The Farmers & Merchants State Bank of Verona for $100.00, $235.00, and $75.76, respectively. All three notes bear interest at nine per cent per annum

and are payable on demand. The bank closed on March 29, 1930 and shortly thereafter was placed in the hands of the plaintiff as receiver. At the time of the closing of the bank the defendant had on deposit in a checking account the sum of $16.08 which the plaintiff applied upon the defendant's notes without his knowledge or consent. Application was made by placing on each note the following endorsement: "Credit by offset 3/30-30 $5.36." The plaintiff commenced this action on December 20, 1935. The defendant interposed an answer setting up the statute of limitations. A jury was waived and the case was tried to the court. From a judgment in the defendant's favor the plaintiff appeals.

The notes being payable on demand and containing no other provisions that might be construed to the contrary were due and payable from the time of their delivery. Shuman v. Citizens State Bank, 27 N. D. 599, 147 N. W. 388, L.R.A.1915A, 728; 3 R. C. L. 1211; 37 C. J. 845. An action on a promissory note must be commenced within six years after the cause of action thereon shall have accrued. Comp. Laws 1913, § 7375. The causes of action on the notes involved in this case accrued on December 12, 1929, the date of their delivery, and no action could be commenced thereon after six years from that date unless the running of the statute was tolled. The plaintiff contends that the application of the deposit by the receiver upon the defendant's notes constitutes such a payment as will toll the statute of limitations, and that the period fixed by the statute begins to run anew from the date of such payments. This raises the question as to whether the receiver of an insolvent bank has the right without the depositor's consent to apply the deposit upon past due notes which the depositor owed the bank at the time it closed. The power of the receiver in this respect is no greater than that of the bank before it went into receivership. In this state a bank is prohibited by statute from charging against a deposit a claim which it may have against a depositor or appropriating a deposit to the payment of a debt due to the bank from the depositor "without legal process or without the consent of the depositor." Section 5220a1, 1925 Supplement to Comp. Laws; chapter 96, § 41, Session Laws of North Dakota for 1931; First International Bank v. Brehmer, 56 N. D. 81, 215 N. W. 918, 61 A.L.R. 1454.

The plaintiff contends that the above rule applies only to banks as going concerns and that a different rule should apply to the receiver whose duty it is to wind up the affairs of an insolvent bank. He argues that the right of set-off exists between the receiver and the debtor-depositor and that the receiver is entitled to make the set-off by crediting the deposit on the debt, and cites Gilbertson v. Northern Trust Co. 53 N. D. 502, 207 N. W. 42, 42 A.L.R. 1353. That case does not support the plaintiff's right to credit the deposit on the debt. In the syllabus it is said,

"A receiver takes the estate of an insolvent for the benefit of the creditors. He is, in effect, an assignee, and stands in the shoes of the insolvent with exactly the same rights and obligations that the latter had at the moment of insolvency; therefore choses in action pass to him subject to any right of set-off existing at the time of insolvency." The question here, however, is not whether a set-off exists, but whether the receiver may apply a deposit upon notes of the depositor without the depositor's consent so as to interrupt the running of the statute of limitations. At the time of insolvency the bank had no right to so apply the deposit without legal process or without the consent of the depositor. With respect to both the deposit and the notes, the receiver stands in the shoes of the insolvent bank. Neither the bank as a going concern, nor the receiver appointed after the bank closed could interrupt the running of the statute of limitations by crediting the debtor's deposit on his note without his consent. The defendant having pleaded the statute of limitations, and it appearing that the causes of action on the respective notes accrued more than six years prior to the commencement of the action, a good defense has been established and the judgment of the trial court is correct.

Affirmed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., and MILLER, Dist. J., concur.