Ted GIESE, Plaintiff and Appellant,

v.

MORTON COUNTY, a Political Subdivision of the State of North Dakota, Defendant and Appellee.

Civ. No. 900208.

Supreme Court of North Dakota.

Dec. 17, 1990.

Schirado Law Office, Mandan, for plaintiff and appellant; argued by L.J. Schirado.

Allen M. Koppy (argued), States Atty., Mandan, for defendant and appellee.

ERICKSTAD, Chief Justice.

Ted Giese appeals from the judgment of the District Court for the South Central Judicial District dated May 9, 1990. The judgment dismissed Giese's complaint and denied an injunction which was intended to prevent Morton County from claiming an easement for public road purposes on the North Half of Section 30, Township 138, Range 83 West in Morton County. We affirm.

In 1926 Giese's predecessor in title to the land in question gave an easement to Morton County. The easement was granted to the County for the purpose of establishing a public highway. In 1926, the Morton County Board of Commissioners formally dedicated the land involved as a county highway. Because the parties and the district court refer to it as a road, we shall do likewise. Giese attempted to close the road on two occasions during the 1980s by petitioning the Morton County Board of Commissioners to vacate the road. On both occasions, the Board of Commissioners unanimously voted to deny Giese's petition to vacate the road. Subsequent to those denials, Giese initiated this action.

The relevant facts as established at trial will be presented in greater detail in the body of the opinion, but can be summarized as follows: 1) the road in question receives little maintenance by the county; and 2) although the road receives only a small amount of use, it is used as an alternative access route by one individual and receives periodic use by neighboring landowners, sightseers, and hunters.

Giese asserts that the district court erred in enforcing the easement because the County has failed to maintain the road as a public highway as required by the easement.[1] Giese challenges the district court's findings that the County had not abandoned the road.

■ In *Aasland v. County of Yankton,* the South Dakota Supreme Court said:

"The rule has long been established in this state that having once been lawfully established a public way can be vacated or abandoned only by some lawful method and that the burden of proof is on one obstructing a lawfully established public way to show vacation or abandonment. *Lowe v. East Sioux Falls Quarry Co.,* 25 S.D. 393, 126 N.W. 609."

280 N.W.2d 666, 668 (S.D.1979). (Quoting *Haley v. City of Rapid City,* 269 N.W.2d 398, 400 (S.D.1978)). *See also, Neill v. Hake,* 254 Minn. 110, 93 N.W.2d 821 (1958). We agree that the burden of proof should be on the party challenging a lawfully established public way to show that it has been vacated or abandoned.

■ We have previously said that an easement created by express grant is not extinguished by non-use or partial use. *Royse v. Easter Seal Soc. for Cr. Children,* 256 N.W.2d 542, 546 (N.D.1977). To support his contention that the road has been abandoned, Giese must present clear

and unequivocal evidence of acts demonstrating and indicating abandonment. *Id.*

■ Our review of the district court's findings of fact is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R. Civ.P. *E.g., Miller Enterprises v. Dog N' Cat Pet Ctrs.,* 447 N.W.2d 639, 644 (N.D. 1989). In applying the "clearly erroneous" standard of review, we will not substitute our judgment for that of the district court. *Id.* In order to hold that the district court's findings were clearly erroneous, we must determine that the findings have no support in the evidence or, although some evidence exists to support the findings, we are left with a definite and firm conviction that a mistake has been made. *Id.* We will not determine that the district court's findings are clearly erroneous merely because we may have viewed the facts differently had we been the trier of fact. *Id.*

Giese challenges the district court's determination that the County has not abandoned the road. Giese claims the determination is erroneous because the road is physically impossible to use as a public highway, the County has affirmatively recognized that the road is not a public highway by erecting a sign which states the road is not maintained and travel is not advised, the County has failed to maintain the road, and Giese has erected barriers to prevent travel on the road.

At trial, a number of witnesses were called by both parties to attest to the amount of use the road receives and the condition of the road. While the testimony of the different witnesses varied concerning the amount of use the road receives and the state of repair the road is in, it is evident that the road receives at least some use, although it is not well maintained. Giese concedes that the road has been used by neighboring landowners, hunters and

---

1. The relevant part of the easement reads:

"It is understood that the said land is hereby granted and conveyed *for highway purposes* to the use of said Morton County to have and to hold the same together with all hereditaments and appurtenances thereunto belonging, or in anywise appertaining to the said party of the second part *so long as the above described premises are used for a public highway,* and the

parties of the first part for their heirs, executors, administrators or assigns do covenant with the said party of the second part, that they are well seized in fee of the land and premises and have good right to convey the same in manner and form aforesaid, and the same are free from all incumbrances, except as hereinafter mentioned." (Emphases added.)

other people on occasion. Specifically, the court found that the road is used as the main access to Section 31 by the Heart River Hunting Club and that, if the road in question were closed, the only access to Sections 30 and 31 would be across the Heart River or through privately owned adjacent lands.

██ Evidence was presented at trial that the Morton County Board of Commissioners has taken no action by resolution to vacate, close or abandon the road. Giese asserts that by posting the sign which reads "WARNING NON MAINTAINED ROAD NO TRAVEL ADVISED", the County has affirmatively abandoned the road. This sign does not prohibit travel on the road, but merely advises potential users that the road is not maintained. The County may have erected the sign for a number of reasons other than disclaiming an interest in the roadway. One such reason may be to attempt to limit its exposure to liabilities arising from injuries occurring on the roadway. While no clear evidence was offered as to what purpose the sign was erected, the district court determined that it was not an indication that the County desired to abandon the road.

Although the evidence discloses that Giese has erected gates in an attempt to stop traffic on the road, it is clear that the public still has access and still uses the road.

Giese has the burden of showing that the road has been abandoned by presenting some clear and unequivocal evidence which demonstrates and indicates abandonment. *Royse*, 256 N.W.2d at 546. After weighing the evidence, the district court determined that the road was not abandoned and, therefore, concluded that Giese had failed to meet his burden of proof. In light of the evidence which was presented at trial, we are not left with a definite and firm conviction that the district court erred in finding that the road had not been abandoned. Accordingly, we affirm the judgment of the district court dismissing the complaint.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.