**Robert GORLEY, Plaintiff and Appellant,**

v.

**Ramon PARIZEK, Defendant.**

and

**Christina KVESET, a minor, by and through her General Guardian, Helen KVESET, Defendant, Third–Party Plaintiff and Appellee,**

v.

**Ronald PARIZEK, Third–Party Defendant.**

**Civ. No. 910100.**

Supreme Court of North Dakota.

Oct. 7, 1991.

Edward J. Bosch (argued), Minot, for plaintiff and appellant.

Robert S. Thomas (argued), Thomas Law Firm, Minot, for defendant, third-party plaintiff and appellee.

GIERKE, Justice.

Robert Gorley appeals from a judgment awarding $25,000 to Christina Kveset for the wrongful death of her mother, Tina Gorley. We affirm.

This case arises from a one-car accident in which Tina, a passenger in the car, was killed. The car was owned by Ramon Parizek, who had entrusted it to his son, Ronald, an adult friend of Tina's. The trial court found that Christina, who was 11 years old, was driving at the time of the accident. The car and its occupants were traveling on a gravel road north of Surrey at an estimated speed in excess of 50 miles per hour when the car left the road, struck a telephone pole, and hit a tree head-on. Tina was killed, but the other passengers, including Ronald, Christina, and a friend of Christina's, Tanya Satran, survived the accident.

Robert, Tina's spouse, brought a wrongful death action against Ramon and Christina, seeking damages for Tina's death. Christina, acting through her grandmother and general guardian, Helen Kveset, filed a cross-claim against Ramon and a third-party claim against Ronald. In support of her claims, she alleged that Ronald was driving when the accident occurred.

Ramon carried $25,000 liability insurance on the car with Colonial Insurance Company. The parties ultimately settled the lawsuit with Ramon and Ronald. Robert and Christina dismissed their claims against Ramon and Ronald, and Colonial Insurance Company deposited the $25,000 insurance proceeds into an escrow account to be distributed by the court. As part of the stipulated settlement, Robert and Christina agreed "that the only issue remaining to be settled in this matter is the allocation of the $25,000 settlement proceeds" between them.

Following a bench trial, the district court found that the proximate cause of the accident and of Tina's resulting death, was the gross negligence of Tina and Ronald "in permitting the 11 year old special education student, Christina, to drive an automobile along a main gravel thoroughfare when she had never driven an automobile before." The trial court also found that Robert and Tina were estranged and had "no marital contact" since 1987 when Tina left Robert in North Carolina and returned with Christina to Minot. The court found that Robert therefore sustained no economic damages or loss of consortium from Tina's death. The court also found that Christina had suffered economic loss from her mother's death, because Tina was Christina's "sole means of support." The court then awarded the entire $25,000 insurance settlement to Christina.

■ Robert argues on appeal that Christina should not prevail on a theory of negligent entrustment because she did not plead negligent entrustment. The logic of Robert's argument under the circumstances of this case is difficult to understand. Robert alleged in his own complaint that the direct cause of the accident was the negligent entrustment of the vehicle to Christina, so it seems ludicrous that he now complains that the court's disposition of the case was partially based on the court's agreement with that allegation.

■ Robert also asserts that Christina should be equitably estopped from recovering damages for her mother's wrongful death, because Christina denied that she was driving the automobile. Estoppel is not favored and the burden of proving each element is on the party asserting it. *Johnson v. Northwestern Bell Telephone Co.*, 338 N.W.2d 622 (N.D.1983). One element that must be established is that the party asserting an equitable estoppel relied, in good faith, upon the conduct or statements of the party to be estopped. *St. John P.S.D. v. Engineers–Architects*, 414 N.W.2d 285 (N.D.1987). Robert has not established any reliance by him on Christina's assertion that she was not driving the car when the accident occurred. Robert has failed to demonstrate how the law of estoppel can be applied under these circumstances to preclude Christina from recovering damages for her mother's wrongful death.

■ Robert also asserts that the trial court denied his attorney the opportunity to fully argue the issue of damages to the court. We disagree. The portion of the transcript to which Gorley directs us does not support his assertion that the court limited his attorney's closing argument on damages. While Robert's attorney was presenting closing argument to the court the following exchange occurred:

"[MR. BOSCH, ROBERT'S ATTORNEY]: What about Mr. Gorley? Well, the 25 grand is here and you can't give it to charity, so you have to give it to him. It's true that there is evidence it was a shaky marriage, but that doesn't mean anything.... A lot of those marriages survive and those people are happy.

"THE COURT: You don't have to argue that, Mr. Bosch. We have a case that says people, even in divorce and separated that have unresolved matters does not defeat a claim for wrongful death.

"MR. BOSCH: So—all right, Your Honor, so I submit that right there, the money belongs to, belongs to him...."

In this exchange the court merely informed Robert's attorney that the court was aware

that a spouse's wrongful death claim is not defeated merely because the couple is separated or involved in divorce proceedings. The court informed Mr. Bosch that he did not have to argue that legal point, but the court did not attempt to restrict counsel's closing argument. We find no error on this matter.

■ Robert also complains that he did not get an opportunity to cross-examine Christina because she did not personally attend the trial or appear as a witness. Robert had the right under Rule 45, N.D.R.Civ.P., to subpoena "any person" to testify at the trial, including Christina. He did not avail himself of that right. Therefore, he cannot complain on appeal about Christina's failure to testify at the trial. *See State v. Moran*, 474 N.W.2d 77 (N.D.1991).

■ Section 32–21–04, N.D.C.C., provides to whom a recovery in wrongful death shall inure:

> "*32–21–04. Recovery exempt from decedent's debts.*—The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of his heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares, the judge after the trial may make any investigation which he deems necessary."

We construed this provision in *Broderson v. Boehm*, 253 N.W.2d 864, 869–870 (N.D.1977):

> "We interpret 'heirs at law' in § 32–21–04 to mean those persons who by the laws of descent would succeed to the property of the decedent in case of intestacy, but in addition, that if members of a preferred class are precluded from recovery for reasons other than death those next entitled to inherit may be considered beneficiaries. For example, survival of a parent who has abandoned the family or who does not fulfill the parental obligations and duties and who there-

fore is unable to demonstrate pecuniary loss will not prevent a member of the next-entitled class from recovering. Thus, although we make reference to the inheritance statute in interpreting 'heirs at law,' death is not the only condition which will disqualify a beneficiary."

If the $25,000 insurance settlement was passed from Tina's estate to her heirs under our intestacy laws, Robert and Christina would each take one half. *See* 30.1–04–02(4), N.D.C.C. and 30.1–04–03(1), N.D.C.C. However, under Section 32–21–04, N.D.C.C., the trial court is allowed to allocate the recovery in a wrongful death action to the deceased's heirs at law as the court deems necessary. The trial court found that Robert, who had been separated from Tina for more than two years, suffered no loss, economic or otherwise, as a result of her death. In essence, the trial court found that Robert was disqualified from receiving a share of the wrongful death recovery because he suffered no compensable loss from Tina's death. The court also found that Christina suffered substantial loss from the death of her mother, upon whom she solely relied for her support and care. Thus, the court awarded Christina all of the insurance proceeds.

■ Robert argues that Christina should be disqualified from receiving a share of the wrongful death damages because her negligent driving of the automobile caused her mother's death. The trial court did not view the evidence that way. Rather, the court found that the sole proximate cause of the accident was Ronald and Tina's negligent entrustment of the automobile to Christina, and the court concluded that Christina was not disqualified therefore from recovering damages for her mother's wrongful death. *Cf. Matter of Estates of Josephson*, 297 N.W.2d 444 (N.D.1980) (son who feloniously shot and killed his parents was not entitled to inherit from their estate). The trial court's findings relevant to fixing the parties' share of a wrongful

death recovery under Section 32–21–04, N.D.C.C., are factual determinations that will not be overturned on appeal unless they are clearly erroneous. *See Felchle v. Felchle*, 351 N.W.2d 447 (N.D.1984). We conclude that the trial court's findings are not clearly erroneous. We, therefore, affirm the judgment of the district court.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.