In the Matter of the Estate of Edith L. HELLING, Deceased.

Duane HELLING, Petitioner and Appellee,

v.

AMERICAN STATE BANK & TRUST CO. of Williston, Personal Representative of the Estate of Edith L. Helling, deceased, Respondent,

and

David Helling, Scott Helling and Terry Helling, Respondents and Appellants.

Civ. No. 930138.

Supreme Court of North Dakota.

Jan. 5, 1994.

Janet H. Zander of Anseth & Zander, Williston, for respondents and appellants.

Fred E. Whisenand of McIntee & Whisenand, PC, Williston, for petitioner and appellee.

LEVINE, Justice.

Duane Helling filed a creditor's claim against the estate of his mother, Edith Helling. Edith Helling's grandchildren, David, Scott and Terry Helling, appeal from the trial court's order allowing Duane's claim. Because we believe that the trial court's finding of reasonable reliance supporting equitable estoppel is not clearly erroneous, we affirm.

Edith and Alfred Helling had two sons, Duane and Robert. In 1961, Duane lent a total of $11,128.00 to his parents, which they used for downpayments in purchasing a restaurant and a house in Williston. The loans were evidenced by a demand note signed by Edith and Alfred for $6,128.00, a cancelled check to Alfred for $3,000.00, and a letter from Duane's bank acknowledging a treasurer's check to Alfred for $2,000.00. Edith and Alfred did not make any payments to Duane on these loans but repeatedly told Duane and his wife that they would repay the loans, either while they were living or out of their estates. Alfred died in 1973. In 1980, Duane lent $15,000.00 to Edith in the form of a demand note, signed by Edith. Edith used the money to retain a quarter section of land, which was under foreclosure against Robert. Edith made payments on the $15,000.00 until 1985, when a drought reduced the income of her farmland and Edith's health began to fail. Edith told Duane and his wife that if she could not repay all of the loans during her lifetime, they would be repaid upon her death. In 1988, a conservator was appointed for Edith. Duane notified the conservator of the loans to Alfred and Edith, but did not demand payment. In 1990, Robert died. He was survived by his three sons, David, Scott and Terry Helling. Edith died in 1991. Her will, which was admitted into informal probate, divided her property between Duane, on the one hand, and David, Scott and Terry, by right of representation. Duane filed a claim against the estate for $35,785.11, the balance owing on the four loans plus interest. The estate's personal representative denied the claim. Duane then petitioned the trial court to allow the claim. It did, on the ground of equitable estoppel.

David, Scott and Terry Helling have appealed and argue that Duane's claim is barred by the statute of limitations and that the trial court erred in applying equitable estoppel to overcome the bar of the statute.[1] They also assert that two of the loans were in Alfred's name only and thus are barred by the statute of frauds and, alternatively, were gifts, not loans. However, they did not raise below the issue of statute of frauds or gift and, therefore, we will not consider either on appeal. *Williams County Social Serv. Bd. v. Falcon,* 367 N.W.2d 170 (N.D.1985). We direct our attention, then, to the issue of equitable estoppel.

A creditor must commence an action upon a demand note within six years from the date of the note. NDCC § 28–01–16(1); *e.g., Baird v. Utecht,* 67 N.D. 491, 274 N.W. 513 (1937). The trial court concluded that Edith's estate was estopped from asserting the statute of limitations as a defense to Duane's claim by virtue of the parents' promises of repayment. Equitable estoppel pre-

---

1. Technically, equitable estoppel applies to representations of present and past facts while promissory estoppel applies to representations of future events. *O'Connell v. Entertainment Enters.,* 317 N.W.2d 385 (N.D.1982). The parties have not argued or referred to promissory estoppel and our opinion therefore does not address it. In the past, we have melded promissory estoppel with "equitable estoppel." *See Schmidt v. Grand*

*Forks Country Club,* 460 N.W.2d 125, 130 (N.D. 1990) [referring to defendant's "conduct or promises"]; *Szarkowski v. Reliance Ins. Co.,* 404 N.W.2d 502, 507 (N.D.1987) [same]; *see also Farmers Coop. Ass'n v. Cole,* 239 N.W.2d 808, 831 (N.D.1976) [adopting elements of promissory estoppel as consistent with NDCC § 31–11–06 in statute of frauds context].

cludes a defendant from asserting the statute of limitations if the defendant's conduct or statements induced the plaintiff not to bring an action within the statute. *Schmidt v. Grand Forks Country Club,* 460 N.W.2d 125 (N.D.1990); *Szarkowski v. Reliance Ins. Co.,* 404 N.W.2d 502 (N.D.1987). The doctrine of equitable estoppel is codified at NDCC § 31–11–06:

> "When a party, by his own declaration, act, or omission, intentionally and deliberately has led another to believe a particular thing true and to act upon such belief, he shall not be permitted to falsify it in any litigation arising out of such declaration, act, or omission."

To establish equitable estoppel, a plaintiff must show, on the part of the defendant:

> "(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than those which the [defendant] subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct will be acted upon by, or will influence, the [plaintiff]; and (3) knowledge, actual or constructive, of the real facts." *Farmers Coop. Ass'n v. Cole,* 239 N.W.2d 808, 813 (N.D.1976) (quoting Robert A. Brazener, Annotation, *Comment Note—Promissory Estoppel as Basis for Avoidance of Statute of Frauds,* 56 A.L.R.3d 1037, 1041 (1974)).

The plaintiff also must show, on her own part:

> "(1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the [defendant]; and (3) action or inaction based thereon, of such a character as to change the position or status of the [plaintiff], to his injury, detriment, or prejudice." *Id.* (quoting Robert A. Brazener, Annotation, *Comment Note—Promissory Estoppel as Basis for Avoidance of Statute of Frauds,* 56 A.L.R.3d 1037, 1041–42 (1974)).

The plaintiff's reliance on the defendant's conduct must be reasonable. *Ray Co. v. Johnson,* 325 N.W.2d 250 (N.D.1982); *Loff v. Gibbert,* 39 N.D. 181, 166 N.W. 810 (1918).

Additionally, with regard to nonclaim statutes of limitation, which are not at issue here, this court has required "some form of affirmative deception" on the part of the defendant. *In re Estate of Frandson,* 383 N.W.2d 807, 809 (N.D.1986).

 Here, David, Scott and Terry Helling challenge only the trial court's finding of fact that Duane reasonably relied on Edith's and Alfred's assurances that they would repay the loans. The trial court's findings of fact are presumed to be correct. NDRCivP 52(a); *Alumni Ass'n of Univ. v. Hart Agency, Inc.,* 283 N.W.2d 119 (N.D.1979). If the parties do not specifically challenge the trial court's findings, we will not review them. *Alumni Ass'n, supra.* Only when a party shows that a finding of fact is clearly erroneous will we disturb the finding. *E.g., Wastvedt v. State,* 371 N.W.2d 330 (N.D.1985). A finding of fact is clearly erroneous when it has no support in the evidence or, although some evidence exists to support the finding, we are left with a definite and firm conviction that the trial court made a mistake. *E.g., Giese v. Morton County,* 464 N.W.2d 202 (N.D.1990). Here, the trial court found that Edith and Alfred repeatedly assured Duane and his wife that the loans would "be paid some way or another." Duane's wife testified that Edith and Alfred "always brought [the loans] up, that they intended to pay [them] as soon as they could." Duane's wife also testified that Duane did not renew the notes or bring an action against Alfred or Edith because "from what [Edith and Alfred] had said and what we … knew[,] … there would always be something there to take care of [the loans]." There is evidence to support the finding that Duane reasonably relied on Edith's and Alfred's assurances and thus did not bring a claim until after their deaths, and we are not left with a definite and firm conviction that the trial court made a mistake.

Affirmed.

VANDE WALLE, C.J., and MESCHKE, J., concur.

NEUMANN, Justice, concurring in result.

I concur in the result, but only because the appellants have failed to question the nature

**598**

of the representations on which the appellee relied.

I write separately because the majority opinion may suggest that some form of affirmative deception is a predicate to equitable estoppel only in nonclaim statute of limitation cases. I think section 31–11–06 clearly requires that any misrepresentation which may give rise to equitable estoppel must be made with the deliberate intention of misleading. Or, to put it in the language used in *In re Estate of Frandson,* I believe some form of affirmative deception is an essential element of equitable estoppel in whatever context the doctrine might be applied.

Here, however, the appellants have not chosen to question the decedent's intent in making her representations. They have focused instead on the reasonableness of the appellee's reliance on those representations, and on that point I agree with the majority's analysis.

SANDSTROM, Justice, dissenting.

Mother kept her word.

The appellants correctly argue, "it cannot be said that Duane Helling reasonably relied upon the decedent's representations in good faith which resulted in prejudice to him from refraining to commence legal action." Appellants' Brief at 15.

Equitable estoppel requires an underlying fraud or misrepresentation. *Farmers Cooperative Ass'n. of Churchs Ferry v. Cole,* 239 N.W.2d 808 (N.D.1976); *Cooke v. Blood Systems, Inc.,* 320 N.W.2d 124 (N.D.1982). Apparently the alleged fraud or misrepresentation is that the decedent had said she would pay the debt when she could or would take care of the debt in her will. Appendix at 30. She gave Duane far more than the $35,785.11 in the will. Record 27. There is no requirement that parents leave each child an equal amount. The omission of an instruction to pay just debts suggests the decedent was taking care of the obligation by bequest. If Duane had pressed his claim during her lifetime, she could have simply reduced her bequest to him accordingly.

Estoppel is not favored and the burden of proving each element is on the party asserting it. *Johnson v. Northwestern Bell Tel. Co.,* 338 N.W.2d 622, 625 (N.D.1983); *Gorley v. Parizek,* 475 N.W.2d 558, 560 (N.D.1991).

There can be no equitable estoppel when the party can receive the claimed benefit without resort to the doctrine. Equitable estoppel necessarily requires a person's right to be otherwise frustrated because of reliance on the misrepresentation. *Farmers Cooperative; Cooke.* All Duane was entitled to was $35,785.11. He had no right to inherit half his mother's estate. His mother kept her word to him. Without equitable estoppel, she has provided Duane far more than she promised.

I would reverse.