**L.R. GAJEWSKI and Mervin Gajewski, Plaintiffs and Appellees,**

v.

**James L. TAYLOR, Defendant and Appellant.**

**Civ. No. 940306.**

Supreme Court of North Dakota.

Aug. 29, 1995.

---

L.R. Gajewski and Mervin Gajewski, pro se.

James L. Taylor, pro se.

**VANDE WALLE, Chief Justice.**

James L. Taylor appealed from a judgment of the district court, Northwest Judicial District, finding that Mervin and L.R. Gajewski had obtained a prescriptive easement to maintain a mailbox on Taylor's property. We affirm.

Taylor owns land which is separated from the Gajewskis' land by a public roadway. For efficiency and safety, the United States Postal Service requires that all rural mailboxes are erected on one side of the roadway. The Gajewskis' mailbox is located on Taylor's property, within the right-of-way and adjacent to the road. According to the trial testimony of current and retired postal employees, the Gajewskis have maintained the mailbox in the same basic location for at least twenty years and possibly more than fifty years. The property on which the mailbox sits has been in Taylor's exclusive possession since August 1959, and he received title to the land in January 1965.

According to Taylor, he once nearly ran his car into the mailbox while avoiding a collision with a truck approaching from the opposite direction. In November of 1993, Taylor asked the Gajewskis to move their mailbox. The testimony surrounding these negotiations is contradictory. However, it appears that an attempt was made to get the post office to approve of and deliver mail to a mailbox on the Gajewskis' side of the road. The postal service authorities, citing safety concerns, objected and requested that the mailbox remain at its long-term location. According to the testimony of postal service workers, the Gajewskis' mailbox creates no more danger than other mailboxes and is in a standard position on the roadway.

■ This matter began in the district court when the Gajewskis asked for and received a restraining order to keep Taylor from moving or removing the mailbox. After the district court was presented with several motions and cross motions by the parties, it determined that the dispositive issue before

the court was whether the Gajewskis had obtained a prescriptive easement to maintain the mailbox. This was the sole issue tried by the court.[1]

■ Whether the facts before the trial court support the conclusion that the Gajewskis have obtained a prescriptive easement is a question of law, and questions of law are fully reviewable on appeal. *E.g., Nagel v. Emmons County Water Resource Dist.,* 474 N.W.2d 46 (N.D.1991). However, our review of the district court's findings of fact is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. *E.g., Giese v. Morton County,* 464 N.W.2d 202 (N.D.1990). If the district court's findings have support in the evidence and we are not "left with a definite and firm conviction that a mistake has been made[,]" we must accept that court's determinations. *Id.* at 203.

■ A use of land creates a prescriptive easement if "the use is (1) adverse, (2) continuous and uninterrupted, and (3) for the period of prescription." *Nagel,* 474 N.W.2d at 48. "[T]he required period of adverse use to acquire an easement by prescription is twenty years." *Id.* at 49.

The trial court found that the Gajewskis continuously and without interruption "maintained a mailbox on this piece of property owned by Mr. Taylor for far in excess of twenty years." The trial court also found that this use of the land was adverse because "Mr. Taylor would not have had to allow the mailbox there had he not wished [and] had he acted within twenty years of the initial siting of the mailbox." The court stated that Taylor's own testimony that for thirty years he did not pay any attention to the mailbox was evidence that Taylor had not consented to the use of the land for the mailbox.

The trial court's conclusion that the Gajewskis obtained a prescriptive easement to maintain the mailbox on Taylor's property is

amply supported by its findings of fact. We affirm.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.

---

1. Taylor argues that in its present location the mailbox is a hazard to vehicular traffic. But that issue is one to be decided by the officials having jurisdiction over the road. *See* NDCC §§ 24–05– 23, 24–12–02. The trial court's judgment that we affirm today does not authorize the Gajewskis to maintain a hazard to vehicular travel.