**Ruth Ann HEINZMAN, as Administratrix of the Supervised Estate of Robert J. Montgomery, Sr., Appellant,**

v.

**Robert MASON, as Administrator of the Supervised Estate of Donna J. Montgomery, Appellee.**

**No. 29A05–9709–CV–411.**

Court of Appeals of Indiana.

May 13, 1998.

Michael A. Howard, Noblesville, for Appellant.

Michael J. Stapleton, Cheryl M. Knodle, Ball, Eggleston, Bumbleburg, McBride, Stapleton & Walkey, PC, Lafayette, for Appellee.

## OPINION

FRIEDLANDER, Judge.

In this action for distribution of estate assets, Ruth Ann Heinzman, as Administratrix of the Supervised Estate of Robert J. Montgomery, Sr., appeals from an order granting summary judgment in favor of Robert Mason, as Administrator of the Supervised Estate of Donna J. Montgomery.

The following restated issue is presented in this appeal:

> If a man kills his wife and then himself and both die intestate, should the man's children by a previous marriage inherit the wife's property through their father if the wife had no other children, she had enjoyed a good relationship with his children for the thirteen years the couple was married, and the children were without fault in her death?

We affirm.

The dispositive facts are not in dispute. Robert J. Montgomery, Sr., and Donna Jane Montgomery were married in 1982. There were no children born of the marriage. Robert had four children from a previous marriage, none of whom was adopted by

Donna. From the time of Donna and Robert's marriage until her death, Donna acted as a mother to each of Robert's children.

Donna filed a petition for dissolution of marriage in Hamilton Superior Court III on October 17, 1995. The following day, the court issued a restraining order and order to appear. A copy of the summons, restraining order, and order to appear were served upon Robert on October 19, 1995. On the morning of October 20, 1995, Robert took a loaded handgun into a National City Bank branch in Carmel, Indiana, where Donna was employed as consumer loan officer. Robert walked into Donna's office, asked a customer to leave, shut the door, and then shot and killed Donna. Robert then took his own life by shooting himself in the head.

At the time of her death, Donna owned, among other things, a life insurance policy issued by Reliance Standard Life Insurance Company which listed Robert as the sole beneficiary. She also had a savings and investment account and an Individual Retirement Account with National City Bank, and Robert was the sole beneficiary of each of those accounts.

Both Donna and Robert died intestate. Mason, Donna's uncle, was appointed Administrator of her estate, and Heinzman, Robert's daughter, was appointed Administratrix of his estate. The trial court determined that Donna's heirs at law were her aunts and uncles and their issue. Robert's heirs were his four adult children, who in no way participated in any act which led directly or indirectly to Donna's death.

Heinzman objected to Mason's appointment as Administrator and filed a petition to set aside the determination of heirship. Heinzman also filed a motion for summary judgment, claiming that: 1) because Robert survived Donna, he was her intestate heir and her property should therefore pass to him as the surviving spouse pursuant to Ind. Code Ann. § 29–1–2–1(b)(3) (West Supp. 1997); 2) because Robert was not convicted of a crime listed in IC § 29–1–2–12.1 for killing Donna, that statute did not apply and there was no other statutory provision that prohibited Robert from inheriting Donna's property; and 3) there was no equitable rea-

son to prohibit Robert's heirs from receiving Donna's property.

■ The trial court granted summary judgment in favor of Mason. In doing so, the court applied the equitable principle that one who acquires property through his own wrongdoing holds that property in constructive trust for the person or persons, other than the wrongdoer, legally entitled to the property. *See National City Bank of Evansville v. Bledsoe*, 237 Ind. 130, 144 N.E.2d 710 (1957). The court determined that Robert could not benefit from wrongfully killing Donna by receiving life insurance benefits, retirement and savings benefits, joint or entireties property, survivor shares, or any other property owned by Donna and could not inherit property from Donna as a heir pursuant to IC § 29–1–2–1(b)(3).

Because Robert survived Donna, the proceeds of Donna's life insurance policy which were payable to Robert as the sole beneficiary went to Robert and then into Robert's estate upon his death. In addition, Donna's National City Bank accounts, which were payable to Robert as sole beneficiary, went to Robert upon Donna's death and into Robert's estate upon his death. Donna's other property also passed to Robert as the surviving spouse pursuant to IC § 29–1–2–1(b)(3). Nonetheless, because it was Robert's wrongdoing that caused Donna's death and put Robert in the position to benefit from Donna's death, he was ineligible to receive the proceeds as the beneficiary of the life insurance policy, and the trial court properly subjected those proceeds to a constructive trust for the benefit of Donna's heirs. *See New York Life Ins. Co. v. Henriksen*, 415 N.E.2d 146 (Ind.Ct.App.1981); *Stacker v. Mack*, 126 Ind.App. 95, 130 N.E.2d 484 (1955) (beneficiary under a life insurance policy who intentionally and wrongfully caused the death of the insured forfeits all rights he might have in the policy). Likewise, because Robert's wrongdoing resulted in Donna's death, the trial court properly subjected Donna's other property to a constructive trust for the benefit of Donna's heirs. *See Bledsoe*, 237 Ind. 130, 144 N.E.2d 710.

IC § 29–1–2–12.1 provides statutory support for the imposition of a constructive trust

where an individual acquires property or is entitled to receive property as a result of a decedent's death and that individual has either been found guilty or guilty but mentally ill of the decedent's murder, causing the decedent's suicide, or voluntary manslaughter of the decedent or has been found not responsible for the decedent's death by reason of insanity. The statute provides in pertinent part:

(a) A person is a constructive trustee of any property that is acquired by him or that he is otherwise entitled to receive as a result of a decedent's death, if that person has been found guilty, or guilty but mentally ill, of murder, causing suicide, or voluntary manslaughter, because of the decedent's death. A judgment of conviction is conclusive in a subsequent civil action to have the person declared a constructive trustee.

(b) A civil action may be initiated to have a person declared a constructive trustee of property that is acquired by him, or that he is otherwise entitled to receive, as a result of a decedent's death, if:

(1) the person has been charged with murder, causing suicide, or voluntary manslaughter, because of the decedent's death; and

(2) the person has been found not responsible by reason of insanity at the time of the crime.

If a civil action is initiated under this subsection, the court shall declare that the person is a constructive trustee of the property if by a preponderance of the evidence it is determined that the person killed or caused the suicide of the decedent.

(c) If a constructive trust is established under this section, the property that is subject to the trust may be used only to benefit those persons, other than the constructive trustee, legally entitled to the property, determined as if the constructive trustee had died immediately before the decedent.

■ Because Robert committed suicide immediately after killing Donna, he was never charged with any crime for causing her death. Accordingly, IC § 29–1–2–12.1 does not apply. See Bledsoe, 237 Ind. 130, 144 N.E.2d 710 (predecessor statute which pro-

vided that one convicted of intentionally causing the death of another becomes a constructive trustee of the property acquired from the decedent had no application where an alleged murderer committed suicide before any attempt could be made to prosecute him). There is no other applicable statutory provision. Nonetheless, we cannot agree with Heinzman that Robert's children should inherit Donna's property through him merely because there is no statute applicable to a situation such as the one presented here.

■ Well-established principles of equity require that neither one who takes property as a result of feloniously killing his spouse nor his heirs benefit from such wrongdoing. Bledsoe, 237 Ind. 130, 144 N.E.2d 710; In re Cox Estate, 141 Mont. 583, 380 P.2d 584 (1963). Thus, even in the absence of statutory authority, a court may properly impose a constructive trust upon any property acquired by an individual or his estate when the individual wrongfully kills his spouse and then commits suicide before he can be charged or convicted of causing the death. Bledsoe, 237 Ind. 130, 144 N.E.2d 710.

■ Moreover, the property held by the wrongdoer as a constructive trustee continues to be subject to a constructive trust after the wrongdoer dies and the property becomes a part of his estate. See Whitfield v. Flaherty, 228 Cal.App.2d 753, 39 Cal.Rptr. 857, 861 (1964) ("[w]here ... the property taken by a wrongdoer is subject to a constructive trust, and he thereafter dies, the property as part of his estate continues to be subject to such a trust"). Because Robert held Donna's property only as a constructive trustee for the benefit of Donna's heirs, such property would pass into Robert's estate upon his death, but would be held there in a constructive trust for the benefit of Donna's heirs. Accordingly, such property would not pass to Robert's heirs.

■ We perceive no inequity in such scenario. In our view, to allow Robert's heirs to benefit from his wrongdoing would, in effect, confer a benefit upon Robert as a result of his wrongdoing. In addition, we cannot say that it was not Robert's intention to benefit his heirs when he took Donna's life and

shortly thereafter took his own. *See Cox,* 141 Mont. 583, 380 P.2d 584. In *Cox,* the Montana Supreme Court determined that the heirs of a man who feloniously killed his wife and then committed suicide had no right to the wife's share of jointly owned realty. The *Cox* court stated:

> It is argued that the petitioners did not commit the killing, but are the heirs of the one who did the killing. Though this is true, who can say that it was not the intention of the murderer to benefit his heirs when he took the life of his wife followed shortly thereafter by the taking of his own life. If the logic is persuasive in the first person, it should be nonetheless persuasive when applied to the heirs of the murderer.

*Cox,* 380 P.2d at 588. While we are not without sympathy for Robert's heirs who regarded Donna as their mother and looked to her for comfort and assistance as they grew into young adults, we are convinced that the equitable policy of imposing a constructive trust upon wrongfully obtained property must apply with equal force to the wrongdoer's heirs even where the heirs, as here, are completely without fault. *See Bledsoe,* 237 Ind. 130, 144 N.E.2d 710; *Cox,* 141 Mont. 583, 380 P.2d 584.[1]

Robert's heirs are not entitled to the property in Robert's estate which is subject to a constructive trust for the benefit of Donna's heirs. The trial court did not err in granting summary judgment in favor of Mason.

Judgment affirmed.

SULLIVAN and KIRSCH, JJ., concur.

---

1. *Contra Luecke v. Mercantile Bank of Jonesboro,* 286 Ark. 304, 691 S.W.2d 843 (1985) (because the purpose underlying the rule that a person not profit from a wrongful act is to deter such conduct, the rule does not apply where the wrongdoer stands to gain nothing by his act, such as where he kills his spouse and then himself).