**METROPOLITAN LIFE INSURANCE,
Plaintiff,**

v.

**Debra WATTLEY et al., Defendants.**

**No. 3:99–CV–0750RM.**

United States District Court,
N.D. Indiana,
South Bend Division.

June 19, 2000.

Timothy J. Abeska, Brien P. Crotty, Roemer and Mintz, South Bend, IN, Steven P. Mandell, Catherine A. Van Horn, Kenneth R. Wysocki, Davidson Mandell & Menkes, Chicago, IL, for Metropolitan Life Insurance Co., plaintiff.

Michael J. Anderson, Michael J. Anderson and Associates, South Bend, IN, for Debra Wattley, defendant.

Don G. Blackmond, Doran Blackmond Ready Hamilton and Williams, South Bend, IN, Lynn M. Butcher, South Bend, IN, for Therese White, defendant.

James T. Merchant, Sr., Lansing, MI, defendant pro se.

Michael J. Anderson, Michael J. Anderson and Associates, South Bend, IN, for Debra Wattley, cross-claimant.

Don G. Blackmond, Doran Blackmond Ready Hamilton and Williams, South Bend, IN, for Therese White, cross-defendant.

Don G. Blackmond, Doran Blackmond Ready Hamilton and Williams, South Bend, IN, Lynn M. Butcher, South Bend, IN, for Therese White, cross-claimant.

Michael J. Anderson, Michael J. Anderson and Associates, South Bend, IN, for Debra Wattley, cross-defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This interpleader case is before the court on summary judgment motions by defendants/cross-claimants Debra Wattley and Therese White. The case involves proceeds from an insurance policy on Brian Merchant's life. Metropolitan Life Insurance Company paid the policy proceeds into court and was granted an uncontested discharge from any further liability to any party. Default judgments have been entered for Ms. Wattley and Ms. White against defendant/cross-defendant James T. Merchant, Sr., personal representative of the estate of Brian Merchant.

On March 28, 1994, Mr. Merchant attended a barbecue at a neighbor's house with Ms. Wattley, who was his fiancee. Mr. Merchant apparently spent most of the barbecue drinking. When they returned home after the barbecue, Ms. Wattley offered to fix dinner for Mr. Merchant. While in the kitchen preparing the food, Ms. Wattley and her fiancee apparently argued. Ms. Wattley says Mr. Merchant grabbed her and pulled her towards him, causing the knife Ms. Wattley was holding to penetrate his chest and puncture the right side of his heart. Mr. Merchant died as a result of the knife wound.

As sole beneficiary of Mr. Merchant's life insurance policy, Ms. Wattley filed a claim with Metropolitan Life Insurance Company for the benefits payable under

that policy. Contingent beneficiary Theresa White and James T. Merchant, Sr., the personal representative of Brian Merchant's estate, filed competing claims to the policy proceeds. Ms. White says Ms. Wattley's actions were not, as Ms. Wattley claims, merely reckless, but rather were intentional.

A motion for summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, "a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." However, neither presenting a scintilla of evidence, nor the mere existence of some alleged factual dispute between the parties or some metaphysical doubt as to the material facts, is sufficient to oppose a motion for summary judgment. The party must supply evidence sufficient to allow a jury to render a verdict in his favor.

*Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1087–88 (7th Cir.2000).

A fact issue surrounds Ms. Wattley's intent on March 28, 1994. The State of Indiana initially charged Ms. Wattley with murder, but the case was resolved when Ms. Wattley pleaded guilty to a class C felony charge of reckless homicide; the murder count was dismissed. The requisite *mens rea* for reckless homicide is recklessness, not knowledge or intent. *Brown v. State*, 659 N.E.2d 652, 656 (Ind. Ct.App.1995). Ms. White points to evidence in the summary judgment record that would allow a finding that the stabbing didn't happen as Ms. Wattley says,

and that the stabbing was intentional. Ms. White offers, among other things, the coroner's report that says the fatal wound to Mr. Merchant's "right side anterior chest" was downward from front to back. A reasonable fact-finder could conclude that Mr. Merchant didn't simply walk in to the knife in a "freak" accident, and that Ms. Wattley acted with the level of intent that would preclude her recovery of the policy proceeds. These fact issues—precisely how Mr. Merchant was stabbed, and Ms. Wattley's state of mind at that moment— cannot be resolved at the summary judgment stage.

 Fact issues preclude summary judgment only if they are material in the sense that they affect the outcome of the case. *First Indiana Bank v. Baker*, 957 F.2d 506, 508 (7th Cir.1992). Under Indiana law, which provides the rule of decision in this diversity case, a life insurance policy beneficiary who intentionally and wrongfully causes the insured's death forfeits all rights she may have under the policy. *New York Life Ins. Co. v. Henriksen*, 415 N.E.2d 146, 147 (Ind.Ct.App. 1981); *Stacker v. Mack*, 126 Ind.App. 95, 130 N.E.2d 484, 487 (1955); *Beene v. Gibraltar Indus. Life Ins. Co.*, 116 Ind.App. 290, 63 N.E.2d 299, 300 (1945). The Indiana crime of reckless homicide can be committed by one who "engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." IND.CODE §§ 35–42–1–5, 35–41– 2–2(c). Indiana's criminal code defines "intentional" and "knowing" conduct differently. IND.CODE § 35–41–2–2(a), (b). Ms. Wattley argues that a conviction for the crime of reckless homicide doesn't establish that she acted intentionally or knowingly. This may be so, but since she did not vigorously defend the intent issue in her criminal case, neither does it conclusively establish that she did not act with the knowledge or intent that would preclude her recovery of the policy pro-

ceeds under Indiana law. *See Doe v. Tobias,* 715 N.E.2d 829, 831 (Ind.1999) (interpreting Ind.Code § 34-3-18-1 to render "a criminal conviction admissible as evidence in a civil trial, but the conviction 'is not necessarily conclusive proof in the civil trial of the factual issues determined by the criminal judgment.' "). Ms. Wattley's conviction establishes that she killed Mr. Merchant, but if Ms. White (who, as the contingent beneficiary, would seem to bear the burden of proof against Ms. Wattley, the primary beneficiary) must prove that Ms. Wattley did so knowingly or intentionally, the conviction is not dispositive for either side.

Although language in the Indiana cases cited earlier speak in terms of intentional killings, the Indiana Supreme Court hasn't been required to decide whether a felonious killing that was not "intentional" within the meaning of Indiana's criminal code bars the person who caused the insured's death from policy proceeds. It appears that most jurisdictions have concluded that the rule that an insurance policy beneficiary is barred from receiving the proceeds of the policy when she feloniously causes the death of the insured is not applied when the beneficiary didn't intend to kill the insured. 4 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 62:10 (3d ed.1995–96) (citing *Calaway v. Southern Farm Bureau Life Ins. Co.,* 2 Ark.App. 69, 619 S.W.2d 301 (1981); *Pan Am. Life Ins. Co. v. Hancock,* 415 So.2d 422 (La.Ct.App. 1982); *Schifanelli v. Wallace,* 271 Md. 177, 315 A.2d 513 (1974); *Diep v. Rivas,* 126 Md.App. 133, 727 A.2d 448 (Ct. Spec.App.1999) (concluding that where the killing is unintentional, such as accidental, or grossly negligent amounting to involuntary manslaughter, the beneficiary's rights under the insurance policy are not barred by the slayer's rule); *Gorley v. Parizek,* 475 N.W.2d 558 (N.D.1991); 44 AmJur2d, Insurance § 1715)).

Still, it is Indiana law that guides decision in this case, and a recent Indiana Court of Appeals decision, upon which Ms.

White relies, might seem out of step with the general rule just discussed. In *Heinzman v. Mason,* 694 N.E.2d 1164 (Ind.Ct. App.1998), a husband had killed his wife, then turned the gun on himself. Because of the husband's suicide, no criminal charges had been brought. The Indiana courts faced a dispute over the proceeds of the wife's life insurance policy. The court conceded the inapplicability of Indiana's general constructive trust statute, Ind. Code § 29-1-2-12.1(a) ("A person is a constructive trustee of any property that is acquired by him or that he is otherwise entitled to receive as a result of a decedent's death, if that person has been found guilty, or guilty but mentally ill, of murder, causing suicide, or voluntary manslaughter, because of the decedent's death."), because there had been no criminal conviction. Notwithstanding the statute's inapplicability, the court reasoned that, "[w]ell-established principles of equity require that neither one who takes property as a result of feloniously killing his spouse nor his heirs benefit from such wrongdoing," 694 N.E.2d at 1167, and imposed a constructive trust on the insurance proceeds even though they passed from the felonious spouse to the heirs of the felonious spouse moments after the killing of the insured.

The holding of *Heinzman v. Mason* appears to differ somewhat from language used in earlier Indiana cases: no finding appears to have been made concerning the husband's intent when he shot the wife. No such finding accompanied any criminal determination, and the court of appeals' opinion makes no reference to any such finding by the trial court in the civil case (where the case had been decided on summary judgment). The husband's intent simply played no apparent role in the decision in *Heinzman v. Mason* to impose the constructive trust: the only factual issues that appear to have mattered to that decision were whether the husband had killed the wife, and whether he had done so feloniously. The only discussion of intent

arose when the court reached the next issue—whether the constructive trust continued to encumber the insurance proceeds when they passed to the husband's innocent heirs. 694 N.E.2d at 1167–1168.

There is no factual dispute in this case over the two facts that gave rise to the constructive trust in *Heinzman v. Mason:* Ms. Wattley killed Mr. Merchant, and she did so feloniously. If this understanding of *Heinzman v. Mason* is the law of Indiana, the further factual disputes over how Ms. Wattley killed Mr. Merchant and what was in her mind when it happened are simply immaterial to her right to the insurance proceeds.

■ "Because resolution of the issues in this case depends on [Indiana] law, 'we must apply the law that would be applied in this context by the [Indiana] Supreme Court.' " *Home Valu, Inc. v. Pep Boys,* 213 F.3d 960, 963 (7th Cir.2000) (quoting *McGeshick v. Choucair,* 9 F.3d 1229, 1232 (7th Cir.1993) (citing *Green v. J.C. Penney Auto Ins. Co.,* 806 F.2d 759, 761 (7th Cir. 1986))). When, as here, the Indiana Supreme Court has not spoken on the issue, the court generally treats decisions by the state's intermediate appellate courts as authoritative " 'unless there is a compelling reason to doubt that [those] courts have got the law right.' " *Id.* (quoting *Rekhi v. Wildwood Indus.,* 61 F.3d 1313, 1319 (7th Cir.1995)).

The *Heinzman* court did not signal any intention to overrule prior Indiana law, but a holding that intent is irrelevant when the killing was felonious—assuming such a holding can be implied, a point discussed below—would be inconsistent with the fifty-five-year-old precedent of *Beene v. Gibraltar Industrial Life Ins. Co.,* 116 Ind. App. 290, 63 N.E.2d 299 (1945). In *Beene,* the killer had been convicted of manslaughter, but judgment against the named beneficiary was reversed because no evidence had been introduced in the civil case that the killing was intentional. Under *Beene,* then, the killing's felonious nature is not enough to bar the killer from insurance proceeds: the killing must have been intentional.

Perhaps there is no actual tension between the *Heinzman* and *Beene;* no party in *Heinzman* seems have based any argument on the ambiguity of the matter of intent. The summary judgment court may have found that the wife's death in *Heinzman* was intentional, and nobody challenged that finding on appeal; under those circumstances, no mention of the issue in the appellate opinion would have been needed. In any event, *Beene* has stood as Indiana law for more than fifty years, and this court is unwilling to hold that in *Heinzman,* the Indiana Court of Appeals overruled so well-entrenched a precedent without saying it was doing so (much less explaining why), and tacitly removed Indiana from the majority rule. *See Francis v. INA Life Ins. Co.,* 809 F.2d 183, 185 (2d Cir.1987) (a federal court is free to consider all resources that a state court could use, including decisions of other jurisdictions, when deciding how a state's highest court would rule). Under Indiana law, a wrongful and intentional killing is necessary for a beneficiary's forfeiture of all rights she may have under the insurance policy.

■ The fact issues surrounding Ms. Wattley's state of mind are material, and foreclose summary judgment for either Ms. Wattley or Ms. White. The court DENIES Debra Wattley's motion for summary judgment [Docket No. 45]; DENIES Debra Wattley's motion for oral argument [Docket No. 47]; and DENIES Therese White's motion for summary judgment [Docket No. 52].

SO ORDERED.